## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SCOTT M. THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. CIV-08-732-D** |
| | ) | |
| CHERYL CLEMMONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee[1] at the Oklahoma County Detention Center ("OCDC") appearing pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  An initial review of the complaint has been conducted pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B). Based on that review, the undersigned finds that it is clear from the face of complaint that Plaintiff has failed to complete exhaustion of his available administrative remedies as required by 42 U.S.C. § 1997e(a).  It is therefore recommended that the complaint be dismissed without prejudice.

Plaintiff's claims arise from an alleged search of his cell conducted by four members of the Oklahoma County Detention Center's Detention Services Team ("DST") on July 11,

---

[1]The undersigned takes judicial notice of the county docket record which shows that in Case No. CF-2006-7532, Plaintiff has been charged with nine felony counts, and that criminal action remains pending. *See* Oklahoma State Courts Network, *State v. Thornton*, Case No. CF-2006-7532, available at http://www.oscn.net (accessed December 3, 2008).

2008, during a clothing and linen "change-out."  Complaint, p. 2.  Plaintiff alleges that the officers searched three boxes of Plaintiff's property which included legal materials, and when Plaintiff objected to the manner in which the search was being conducted, he was physically restrained and escorted to a different hallway where he could not observe the search of his cell.  Complaint, p. 2b.  Plaintiff alleges that when he requested a supervising officer, he was told to "shut his mouth," and one of the officers, DST Whitehorn, threatened to take all but two cubic feet of legal material if Plaintiff said anything more.  *Id.*  According to Plaintiff, the officers sorted through Plaintiff's personal property, books and magazines, determining which property was appropriate, and some of his personal effects were either thrown in the trash or confiscated.  Complaint, p. 2c.  Plaintiff alleges that the search was the product of retaliation by DST Whitehorn, who is named as a defendant in another civil rights action filed by Plaintiff in this Court.  Complaint, p. 2c, n.3 (citing *Thornton v. Hill*, Case No. CIV-08-575-D).

Based on these facts, Plaintiff sets out three causes of action.  In Count One Plaintiff alleges that his right to be free from cruel and unusual punishment under the Eighth Amendment was violated.  Complaint, p. 3.  In Count Two, Plaintiff alleges that he was deprived of his personal property without due process of law, in violation of the Fifth and Fourteenth Amendments.  *Id.*  In his third count, Plaintiff alleges that his First Amendment right to free speech was violated when he was told not to speak during the search of his property.  Complaint, p. 4.  Plaintiff seeks monetary damages and injunctive relief for the alleged violations.  Complaint, p. 5.

Plaintiff has filed a "Supplement to Civil Rights Complaint," seeking to include an additional claim that on July 18, 2008, he was "subjected to a second disruptive, intrusive and retaliatory search of his cell and legal materials by some of the same officers involved in the first search." [Doc. No. 7], p. 2.[2]

## DISCUSSION

### I. Standard for Initial Screening

Pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B), the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See also* 42 U.S.C. § 1997e(c)(1). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). In determining whether dismissal is proper, the Court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id.* If the complaint does not include "enough facts to state a claim to relief that is plausible on its face," dismissal is proper. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974 (2007).

---

[2]In this subsequent pleading, Plaintiff also adds DST Officer Hopkins as a Defendant in this action and identifies and names two of the three John Doe defendants named in the original Complaint. After filing the supplement, Plaintiff filed an amended page 1 to his complaint in which he named the third John Doe defendant. [Doc. No. 9].

II. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that a prisoner exhaust all available administrative remedies in actions challenging prison conditions before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id.* at 524 (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). The Supreme Court has stated: "[W]e stress the point ... that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." *Booth*, 532 U.S. at 741, n.6. "In *Booth*, the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation." *Beaudry*, 331 F.3d at 1167.

In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the United States Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates

4

are not required to specially plead or demonstrate exhaustion in their complaints." However, the *Jones* Court also noted that its ruling does not mean that prisoner complaints will never be subject to *sua sponte* dismissal for failure to exhaust administrative remedies. *Id.* at 920-21. The Tenth Circuit has concluded that "*Jones* suggests that district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (citing *Jones*, 127 S.Ct. at 921). "However, courts also are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Id.* For the following reasons, the undersigned finds that it is clear from the face of the complaint that Plaintiff has failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e(a), and there is nothing in the record indicating that such failure was attributable to the action or inaction of prison officials.[3] *See Fogle v.*

---

[3]Following the Supreme Court's ruling in *Jones*, numerous federal courts have *sua sponte* dismissed prisoner § 1983 complaints on initial review for failure to exhaust where the pleadings and record confirm that a prisoner has not exhausted his remedies before filing suit. *See e.g., Vosburgh v. Utah State Prison*, No. 2:06-CV-1041 TC., 2008 WL 4755790, *3 (D.Utah October 29, 2008) (unpublished decision) (applying *Jones* and *sua sponte* dismissing prisoner's § 1983 complaint based on admission in the complaint that previous lawsuit based on same facts was dismissed based on failure to complete grievance process); *Clifford v. Louisiana*, No. 07-955-C, 2008 WL 2754737, *3 (M.D. La. July 7, 2008) (unpublished decision) (adopting magistrate judge's recommendation that prisoner's claim concerning handling of mail be *sua sponte* dismissed where it was apparent from the face of the complaint that the claim was not administratively exhausted); *Whitaker v. Gannon*, No. 1:07-cv-521, 2007 WL 2744329, *2 (S.D. Ohio September 19, 2007) (unpublished decision) ("[E]ven though exhaustion of administrative remedies need not be pled specifically in the complaint, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure *sua sponte* dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted"); *Spaulding v. Oakland County Jail Med. Staff*, No. 4:07-cv-12727, 2007 WL 2336216, *3 (E.D. Mich. August 15, 2007) (unpublished decision) (applying *Jones* and dismissing complaint on initial screening for failure to exhaust (continued...)

*Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense . . . only when the defense is obvious from the face of the complaint and no further factual record is required . . .") (quotation, citation omitted), *cert. denied*, 127 S.Ct. 2297 (2007).

Plaintiff acknowledges in his complaint that at the time he filed the instant action  he had sought no administrative relief regarding the claims raised in this action.  Complaint, p. 5.  Plaintiff attempts to justify his failure to exhaust administrative remedies by directing the Court to page 4a of the complaint, where he lists the issues raised in his other pending civil rights action, *Thorton v. Hill*, Case No. CIV-08-575-D, including one count alleging that the OCDC has no "available system for redress of grievances."  Complaint, p. 4a.[4]  Plaintiff

---

[3](...continued)
because it was clear from the face of the complaint that the prisoner had not exhausted his administrative remedies prior to filing suit); *Leary v. A.R. U.S. Conerly*, No. 06-15424-BC, 2007 WL 1218952, *4 (E.D. Mich. April 25, 2007) (unpublished decision) (lack of exhaustion was obvious from the face of a pleading and requiring the defendant to file a motion to dismiss for failure to exhaust would be a waste of defendants' and the court's time and resources); *Ghosh v. McClure*, No. H-05-4122, 2007 WL 400648, *6 n.3 (S.D. Tex. January 31, 2007) (unpublished decision) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit.").

[4]Plaintiff states that in Case No. CIV-08-575-D he has raised the following causes of action:

Count I: There exists no available system for redress of grievances.
Count II: Plaintiff is under threat of physical injury each time he makes a court appearance due to reckless disregard.
Count III: Plaintiff's efforts at legal research are arbitrarily and capriciously abridged and denied.
Count IV: The conditions that exist at the Oklahoma County Detention Center fails to meet minimum requirements under state law and federal mandates.

(continued...)

appears to be alleging that he should be excused from the exhaustion requirements with respect to the claims raised in this action, based on his claim in Count I, Case No. CIV-08-575-D, that there is no available administrative remedy at OCDC.  *See* Amended Complaint, p. 3, in *Thornton v. Hill*, Case No. 08-575-D [Doc. No. 29].  However, in the *Hill* complaint, Plaintiff acknowledges that there is an administrative remedy process at OCDC although he claims that "[t]he system for instituting and pursuing a grievance with OCDC is broken." *Id.*  The undersigned takes judicial notice that the record in *Hill* demonstrates that Plaintiff has in fact submitted numerous requests to staff and grievances on multiple issues on forms provided by the OCDC.  These administrative forms show that Plaintiff has previously utilized the administrative process available at OCDC during the time period relevant to this case.  *See e.g., Thornton v. Hill*, Case No. CIV-08-575-D, Complaint [Doc. No. 1], Attachments A through U (requests to staff and grievances between April 2007 and May 2008); Request for Injunctive Order [Doc. No. 8], Attachments A through G (requests to staff and grievances submitted in June 2008; Motion To Amend Complaint [Doc. No. 25], Attachments A through O (requests to staff and grievances submitted March 2008 through September 2008); and Plaintiff's Motion for Injunction [Doc. No. 33], Attachments A through C (requests to staff dated October 28, 2008; September 25, 2008; and March 24, 2008).[5]  Thus, Plaintiff has acknowledged that OCDC has available administrative

_____

[4](...continued)
Complaint, p. 4a.

[5]A review of the Plaintiff's deluge of requests to staff and grievances in Case No. CIV-08-
(continued...)

procedures for inmate grievances.  The undersigned takes judicial notice of the record in a recent civil rights action filed by inmates at the OCDC which reflects the administrative grievance process in place at the OCDC.  *See e.g., Adams v. Palmer*, Case No. CIV-08-150-D, Defendants' Motion to Dismiss/Motion for Summary Judgment with Brief in Support [Doc. No. 22], Ex. 6 (Oklahoma County Detention Center Inmate Handbook, p. 9, dated June 15, 2007).

In Plaintiff's other civil rights action, to which he directs this Court's attention, Plaintiff alleges that "some grievances have been disregarded, and probably discarded." *See Thornton v. Hill*, Case No. CIV-08-575-D, Amended Complaint, p. 3 [Doc. No. 29].  Plaintiff also indicates that the appeal process at OCDC is insufficient or unsatisfactory.  Specifically, he alleges that some grievance responses have been delayed rendering appeals of those grievances time barred and other appeals have not yet been answered.  *Id.*, p. 3a.  The Supreme Court has declined, however, to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."  *Booth,* 532 U.S. at 741 n. 6.  Thus, even if Plaintiff believes that exhaustion of remedies is futile, he is not excused from the exhaustion requirement.  He must exhaust "such remedies as are available" regardless of whether they are effective remedies or even remedies responsive to the specific relief requested.  *Booth*, 532 U.S. at 740; *Porter*, 534 U.S. at 524 (stating that a prisoner must

---

[5](...continued)
575 shows that most of the issues raised involve requests for certain legal documents pertaining to his pending criminal case and others involve jail conditions and/or medical care.  None of the administrative documents submitted in that case address the subject of the instant complaint: the search of Plaintiff's cell on July 11 or 18, 2008.

exhaust remedies "[e]ven when the prisoner seeks relief not available in grievance proceedings").

The undersigned finds that Plaintiff has made it clear through his affirmative statements that he has not exhausted his administrative remedies concerning the claims raised in his § 1983 complaint.   Further, Plaintiff has demonstrated to the Court through his reference to his civil rights action in *Thornton v. Hill*, Case No. 08-575-D, that there is an administrative grievance procedure in place at OCDC with which he is quite familiar and which he has utilized with respect to various claims.   Moreover, Plaintiff will have further opportunity in any objection to this recommendation to address exhaustion issue.   *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) ("When a district court is given the opportunity to address the exhaustion question due to affirmative but not conclusive statements in the prisoner's complaint, . . . "a district count cannot dismiss the complaint without first giving the inmate an opportunity to address the issue") (quoting *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 682 (4th Cir. 2005)).

Accordingly, based on the Plaintiff's admission in complaint together with the record before the Court in  *Thornton v. Hill*, Case No. CIV-08-575-D, to which Plaintiff refers and of which the undersigned takes judicial notice, it is recommended that the instant complaint as amended and supplemented be *sua sponte* dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's § 1983 complaint

be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c)(1), based on Plaintiff's failure to exhaust available administrative remedies prior to filing this action.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 23rd day of December, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th  Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 3rd day of December, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE